Dear Mayor Pickett:
Your request for an opinion has been forwarded to me for research and reply. The Town of Mansura ("Town") would like to know if it has a legal obligation to reimburse the Avoyelles Parish Police Jury for the $100.00 commitment fee owed to the coroner for committing residents of the Town for treatment at the Victorian House d/b/a Bijou Retreat LLC ("Bijou Retreat"), which is a privately owned business operating within Mansura city limits in Avoyelles Parish.[1]
I. Brief Background on Coroner and Mental Health Law
The statute governing coroner's fees for services specifically directs the parish to reimburse coroners for those costs associated with committing an individual to a state-operated health care or treatment facility.[2] There is no similar provision addressing reimbursement for coroners when they commit an individual or patient to a private facility, such as Bijou Retreat. But, the statutes governing coroners' fees should be read in tandem with the Louisiana Mental Health Law, R.S. 28:1, et seq.
An emergency certificate authorizes the admittance and detainment of an individual suffering from a mental illness or substance abuse at a treatment facility for observation, diagnosis, and treatment for fifteen (15) days. R.S. 28:53(A)(1). *Page 2 
When an individual is admitted to a treatment facility by an emergency certificate, the director of the treatment facility shall immediately give notice to the coroner of the parish in which the facility is located. R.S. 28:53(G)(1). Within 72 hours after the patient's admission, the coroner or his/her deputy shall independently examine the patient in order to execute an emergency certificate. R.S. 28:53(G)(2).
II. Payment Issue As Per This Case
In this instance, it appears that a coroner or physician from another parish has made an initial examination and executed the first emergency commitment certificate ("CEC") for the Avoyelles Parish resident. According to your request, after the initial CEC has been executed, if it is determined that the Avoyelles Parish resident is from the Town, he/she is then sent to Bijou Retreat. According to R.S. 28:53(G)(1), upon admission to Bijou Retreat, a second examination must be conducted within the 72 hours by the Avoyelles Parish coroner or his/her deputy. This examination determines whether an individual's confinement should be continued or if the patient should be discharged. R.S. 28:53(G)(5).
The issue of payment is addressed in R.S. 28:53(G)(6):
 When a person is confined in a treatment facility other than a state mental institution, the examining coroner in the parish where the patient is confined shall be entitled to the usual fee paid for this service to the coroner of the parish in which the patient is domiciled or residing . . . the fee shall be paid and accurate records of such payments kept by the governing authority of the parish in which the patient is domiciled or residing from parish funds designated for the purpose of payment to the coroner. All coroners shall keep accurate records showing the number of patients confined in their parishes pursuant to this Section.
(West 2011) (emphasis added).
The rules of statutory construction dictate that the use of the word "shall" is mandatory. R.S. 1:3. Therefore, due to the legislature's use of the word "shall" in R.S. 28:53(G)(6), as quoted above, it is this office's opinion that when an individual is confined in a non-state mental institution (e.g., Bijou Retreat), the examining coroner must be paid by the governing authority of the parish in which the patient is a domiciliary or resident. *Page 3 
III. Conclusion
Based upon the state coroner and mental health law, the Avoyelles Parish Coroner's commitment fee must be paid by the Avoyelles Parish Police Jury when he/she commits a resident of the Town of Mansura to a non-state mental institution, here, the Victorian House d/b/a Bijou Retreat LLC.
We hope that this information sufficiently answers your inquires. If we can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:________________________ KATHERINE K. GREEN Assistant Attorney General
 JDC:KG:jv
[1] Numerous telephone conversations were held with the requestor to clarify the actual request being made.
[2] R.S. 33:1556(G) states that, "[p]ayment of fees for coroners services related to admittance or commitment of patients or residents to any state-operated health care or treatment facility shall be made by a parish immediately upon such admittance or commitment at the option of the coroner rendering such services." (West 2011).